69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William L. STEWART, Jr., Petitioner-Appellant,
v.
Robert G. BORG, Warden; Attorney General Of the State of
California, Respondents-Appellees.
 Nos. 94-55858, 95-55281.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William L. Stewart, Jr., a California state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus challenging his guilty plea conviction of first degree murder and assault with a deadly weapon. Steward contends that the district court erred by denying his Sec. 2254 petition because his guilty plea was not knowing and voluntary. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 We review the district court's decision whether to grant or deny a petition for habeas corpus de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). Findings of fact are reviewed for clear error. Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995).
 
 
 4
 Stewart contends that his guilty plea was not knowing and voluntary because his attorney failed to inform him that the prosecution had decided not to seek the death penalty. He asserts that he pled guilty under the belief that the prosecutor's withdrawl of the death penalty was contingent Stewart's guilty plea. This contention lacks merit.
 
 
 5
 A guilty plea must be voluntary to comport with the guarantees of due process. Boykin v. Alabama, 395 U.S. 238, 242 (1969). The defendant must be aware of the nature and elements of the charges against him, the constitutional rights he is waiving by pleading guilty, and the possible punishment he faces. Id. at 242-43. A district court's determination regarding the credibility of a witness is accorded special deference. See Anderson v. Bessemer City, 470 U.S. 564, 574-75 (1984); Spain v. Rushen, 883 F.2d 712, 717 (9th Cir.1989).
 
 
 6
 Where a defendant enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends on whether the defendant received effective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). The two-part test of Strickland v. Washington, 466 U.S. 668 (1984) applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill, 474 U.S. at 57. In order to prove ineffective assistance, the defendant must show that (1) "counsel's performance was outside the wide range of professionally competent assistance," and (2) that the defendant was prejudiced by reason of counsel's actions. Strickland, 466 U.S. at 687-90. "The defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.
 
 
 7
 Here, Stewart testified that he believed his guilty plea was contingent upon the State's withdrawal of its request for the death penalty.[1] Stewart's attorney testified that he was unfamiliar with the contents of the "Livesay" letter from the prosecution and failed to advise Steward that the prosecution would not seek the death penalty.[2] The prosecutor testified that the "Livesay" letter was given to defense counsel prior to the state plea proceeding. Stewart signed a waiver form which stipulated that if Stewart was found guilty of first degree murder at trial, he waived the right to a penalty trial. The waiver form indicated that the State was no longer seeking the death penalty. The prosecutor also testified that there was no plea agreement and that the "Livesay" letter clearly indicated that the death penalty would not be sought.
 
 
 8
 After the evidentiary hearing, the magistrate judge found that the prosecutor had informed defense counsel prior to the plea proceeding that the death penalty would not be sought. The magistrate stated that the determination of the credibility of witnesses testifying many years after the events was decisive. The magistrate judge determined that the prosecutor was credible and that Stewart and his attorney's testimony lacked credibility. The court's credibility determinations should be accorded special deference. See Spain, 883 F.2d at 717. Moreover, the prosecutor's recollection of the case is supported by the clear and unambiguous language in the "Livesay" letter. Thus, the district court's adoption of the magistrate judge's findings were not clearly erroneous. See Bonin, 59 F.3d at 823.
 
 
 9
 Because the magistrate judge determined that defense counsel's testimony lacked credibility, the first prong of the Strickland test has not been met. The magistrate judge stated that it was unbelievable that defense counsel did not know what a "Livesay" letter was, or that he did not relay the letter's meaning to Stewart. The court noted that defense counsel referred to the existence of a "Livesay" letter during the state plea proceeding, stating that "the defendant would plead guilty to the charges in this information, and I also have a livesay letter." (emphasis added). Defense counsel's reference to the letter as a "Livesay" letter clearly indicated his familiarity with the term "Livesay" and implied that he knew what the letter meant.
 
 
 10
 The magistrate judge concluded that, whether through faulty recollection or misguided loyalty to his client, the defense counsel's testimony at the evidentiary hearing did not correctly reflect the events which lead to Stewart's guilty plea. These findings were not were not clearly erroneous. See Bonin, 59 F.3d at 823. Thus, Stewart's attorney provided competent representation at the time of his guilty plea. See Strickland, 466 U.S. at 690; Hill, 474 U.S. at 59.
 
 
 11
 Accordingly, the district court properly denied Stewart's petition for habeas corpus. Calderon, 59 F.3d at 1008.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Stewart's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 An evidentiary hearing was held before a magistrate judge on December 2, 1992. The district court also held an evidentiary hearing on March 28, 1994
 
 
 [2]
 A "Livesay" letter informs the defendant that the prosecution no longer seeks the death penalty. The purpose of the document is to have a defendant waive his right to a penalty phase of the trial given the fact that the prosecution no longer seeks the death penalty